OPINION
{¶ 1} On December 28, 2000, Lifesphere, Inc.[1] ("appellee"), filed a certificate of need ("CON") application with the Ohio Department of Health ("Department") to purchase and relocate 50 nursing home beds from an existing nursing home facility, Golden Years Nursing Home, to The Knolls of Oxford,[2] as part of a continuing care retirement community ("CCRC"), in Butler County, Oxford, Ohio. The skilled nursing facility intended to have 50 nursing beds, comprised of 44 private rooms, and six semi-private rooms, with rooms of large dimensions offering substantial amenities. This proposed project was part of a larger developing CCRC on an 85-acre campus.
 {¶ 2} On July 26, 2001, the Department notified appellee that the CON was approved for construction of the new facility to cost $7,575,000. On August 24, 2001, Oxford View Nursing Center, Inc. ("appellant" or "objector") filed objections to the Department's grant of the CON and requested a hearing.[3] In its objections, objector asserted that the proposed project failed to satisfy the criteria of Ohio Adm. Code 3701-12, and that the CON application and the grant of the application were not in compliance with R.C. Chapter 3702.
 {¶ 3} From November 19, 2001 to November 21, 2001, an administrative hearing was conducted before a hearing examiner of the Department. On March 20, 2002, the hearing examiner submitted a report and recommendation to the Department recommending that the CON issued to appellee on July 26, 2001 be affirmed because the objector failed to prove by a preponderance of the evidence that the proposed project was not needed or that the granting of the CON would not be in accordance with the law. The hearing examiner concluded that appellee provided sufficient evidence and submitted supporting documentation to the director.
 {¶ 4} On April 2, 2002, the objector filed objections to the hearing examiner's report and recommendations. On April 10, 2002, the Director of Health adopted the hearing examiner's report and recommendation concluding that the objector failed to present a preponderance of evidence showing that granting the CON would not be in accordance with R.C. 3702.51 to 3702.62, or rules adopted under R.C.3702.57; that the CON is not needed; and that granting the CON would not be in accordance with Ohio Adm. Code 3701-12-20, 3701-12-23, or 3701-12-232. Appellant appeals from this journal entry, assigning the following as error:
 {¶ 5} "Assignment of Error No. 1:
 {¶ 6} "The decision of the Director, Ohio Department of Health to grant Lifesphere's application was not supported by reliable, probative, and substantial evidence.
 {¶ 7} "Assignment of Error No. 2
 {¶ 8} "The decision of the Ohio Department of Health grant[ing] Lifesphere's application is not in accordance with law."
 {¶ 9} Appellant's first and second assignments of error are interrelated and, as such, we will address them together.
 {¶ 10} The party requesting a review of the Department's decision on a CON application carries the burden of proof by a preponderance of the evidence pursuant to R.C 3702.60(C) and Ohio Adm. Code 3702-2-06(D). In the Matter of: Manor Care of Kettering (Dec. 31, 1992), Franklin App. No. 92AP-208. Our standard of review is set forth in R.C. 3702.60(E)(3), which states in pertinent part:
 {¶ 11} "The court shall affirm the director's order if it finds, upon consideration of the entire record * * * that the order is supported by reliable, probative, and substantial evidence and is in accordance with law. In the absence of such a finding, it shall reverse, vacate, or modify the order."
 {¶ 12} "(1) `Reliable' evidence is dependable; that is, it can be confidently trusted. In order to be reliable, there must be a reasonable probability that the evidence is true. (2) `Probative' evidence is evidence that tends to prove the issue in question; it must be relevant in determining the issue. (3) `Substantial' evidence is evidence with some weight; it must have importance and value." Our Place, Inc. v. Ohio Liquor Control Comm. (1992), 63 Ohio St.3d 570, 571.
 {¶ 13} Therefore, upon appeal to this court, it is incumbent upon appellant to demonstrate that either the factual findings of the Department are not supported by reliable, probative, and substantial evidence or that the Department inappropriately applied the law to the findings of fact. Although this court may engage in a very limited weighing of the evidence upon an appeal of this nature, we may not substitute our judgment for that of the Department as to the credibility of witnesses and the weight to be given the testimony. Kettering, supra; In the Matter of: Mill Run Care Center and New Albany Care Center (Dec. 20, 1994), Franklin App. No. 94APH04-591.
 {¶ 14} Appellant contends that the Department's decision was not supported by reliable, probative, and substantial evidence because appellee failed to submit evidence supporting the financial feasibility of the proposed facility. Appellant contends that appellee refused to reveal financial projections for the proposed CCRC, thereby not complying with Ohio Adm. Code 3701-12-20(A).
 {¶ 15} The hearing examiner held that, while the cost projections provided by appellee were imperfect, the mistakes did not materially alter the truthfulness or accuracy of the information or intend to deceive or mislead the cost projection for construction, equipment, staffing, financing, per diem costs, utilization and reimbursement.
 {¶ 16} Appellee contends that the record fully demonstrates that the project is financially feasible and needed in Butler County, and that granting the CON was in accordance with law.
 {¶ 17} Ohio Adm. Code 3701-12-20 sets forth the criteria to be considered concerning an application for a CON. The director of the Department is required to apply each of the criteria prescribed, as applicable, when reviewing an application for a CON, in addition to any additional criteria specific to the application that are established by other provisions of the Ohio Administrative Code. Appellee's application for a CON was reviewed under Ohio Adm. Code 3701-12-20 (general certificate of need review criteria), Ohio Adm. Code 3701-12-23 (long-term care facilities and beds), and Ohio Adm. Code 3701-12-232 (replacement of long-term care facilities and relocation of long-term care beds).
 {¶ 18} Testimony and evidence before the hearing examiner indicated that the financial feasibility of the proposed project justified the construction costs, that there was a need for the beds because the elderly as a demographic group is the fastest growing group in the nation, that other nursing homes in the service area would not be impacted, and that there existed no alternatives to the proposed project.
 {¶ 19} Michael Marchetto, Health Service Policy Analyst for the Department, testified concerning the review process he utilized in recommending approval of appellee's CON application. Marchetto testified that he recommended approval of the application because not only was there a need for the project, but that the project was desirable, that the project appeared to be financially feasible, and that it was consistent with the statutory review criteria. Marchetto testified that the proposed project should have a positive impact on the health care delivery system, and that while the nursing home beds could be moved to another site, the CCRC, which was the site for the proposed project, was partially complete and in need of a nursing home component to complete its designation as a CCRC. Marchetto testified that the impact to other service area providers would be minimal, because the CCRC is designed to serve a particular subpopulation of independent or assisted living individuals.
 {¶ 20} Marchetto, after reviewing appellee's projected statement of cash flow for December 31, 2002 to December 31, 2006, testified that, in reaching a determination of financial feasibility, the longer The Knolls of Oxford operates, the more financially feasible it would become. Marchetto further explained that the cost of the project had risen from the projected cost of $7,145,000 to $7,575,000 due to changes in site costs, construction costs, contingency amount, financing costs, infrastructure construction, movable equipment costs, and professional fees. Marchetto testified that, in his opinion, appellee submitted evidence showing the proposed project was financially feasible.
 {¶ 21} Also, Robert Long, C.P.A. for Plante Moran, LLP, testified as having an interactive role with appellee in developing input for the proposed project. Long testified that although Plante Moran conducted no study as to the proposed project's financial feasibility, Long opined that based on his interaction with appellee and the projected net cash flow of appellee, the operation of the nursing home was feasible.
 {¶ 22} While appellant argues that all the evidence pointed to the fact that appellee's application was financially infeasible, such is not the case here. This court concludes, after reviewing the order of the Department, the record, and the issues raised by both parties, that the order of the Department was supported by reliable, probative and substantial evidence, and was in accordance with law. As such, appellant's first and second assignments of error lack merit.
 {¶ 23} Based on the forgoing, appellant's first and second assignments of error are overruled, and the order of the Certificate of Need Review Board is affirmed.
Judgment affirmed.
DESHLER and KLATT, JJ., concur.
[1] Appellee is the sponsor of the proposed project and has a 153-year history of meeting the needs of the medically underserved, low-income, handicapped, and minority individuals.
[2] The Knolls of Oxford is a not-for-profit corporation formerly known as Southwest Ohio Seniors' Services, Inc., and is a division of the Lifesphere organization.
[3] Objector is a nursing center located in the primary service area of the proposed project.